**SO ORDERED: June 03, 2011.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| SHARON L. FRITCH, | ) | CASE NO. 09-70546-BHL-7 |
|     Debtor. | ) | |
| _____ | ) | |
| R. STEPHEN LaPLANTE, Trustee, | ) | |
|     Plaintiff, | ) | |
| v | ) | ADV. NO. 09-57022 |
| | ) | |
| SHARON L. FRITCH and | ) | |
| DAVID P. FRITCH, | ) | |
|     Defendants. | ) | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

This matter was initiated on July 13, 2009, by the filing of the Trustee's **Complaint for Turnover of Estate Assets Pursuant to 11 U.S.C. § 542(a)** and now comes before the Court on the Plaintiff's **Motion for Summary Judgment** which was filed on December 7, 2010. The **Debtor's Response to Trustee's Motion for Summary Judgment and Cross-Motion for Summary Judgment** was filed on January 4, 2011, and the Trustee's **Reply Brief in Opposition to Debtor's Response to Trustee's Motion for Summary Judgment and Cross-Motion for Summary**

**Judgment** was filed on February 10, 2011. The Court conducted a hearing on the foregoing matter on April 19, 2011, at which time the parties were given thirty (30) days to explore settlement negotiations. The parties, having instructed the Court that such negotiations were unsuccessful, have requested a ruling on the underlying Complaint. The following facts are uncontroverted:

1. On March 5, 1998, Sharon and David Fritch entered into a Prenuptial Agreement which, according to its terms, "[became] effective upon solemnization of the marriage of the parties."

2. Sharon and David Fritch were married on April 17, 1998.

3. On February 19, 2009, David Fritch filed a Petition for Dissolution of Marriage in the Dubois Circuit Court as Cause No. 19C01-0902-DR-0065.

4. On April 16, 2009, Sharon Fritch filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code.

5. On May 5, 2010, the Dubois Circuit Court entered an Order dissolving the marriage of Sharon and David Fritch. Issues related to the validity of the prenuptial agreement and other issues relating to spousal maintenance and property division were not resolved at that time.

6. On July 19, 2010, the Dubois Circuit Court entered its Findings of Fact and Conclusions of Law wherein the Prenuptial Agreement was found to be valid and enforceable.

7. Under the terms of the Prenuptial Agreement and the ruling of the Dubois Circuit Court, David Fritch is bound to pay Sharon Fritch the sum of $130,000 by April 17, 2011.

Standard of Review

Summary judgment is mandated where there are no disputed issues of material fact and the movant must prevail as a matter of law. *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party presents a prima facie showing that he is entitled to judgment as a matter of law, the party opposing the motion may not rest upon the mere allegations or denials in its pleadings but must affirmatively show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex*, 477 U.S. at 323; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When reviewing facts in support of a motion for summary judgment, a court must construe all facts in the light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-American, Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). The court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but rather to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249.

Analysis

A bankruptcy estate is created by the filing of a bankruptcy petition and includes all of the debtor's legal and equitable property interests as of the commencement of the case. 11 U.S.C. § 541(a). Generally speaking, property the debtor acquires post-petition does not become property of

3

the estate unless it fits within the expressed statutory parameters. In this instance, the Debtor suggests that her interest in the Prenuptial Agreement is not included in the bankruptcy estate by virtue of 541(a)(5)(B). That section provides that property may be included in the bankruptcy estate if a debtor "acquires or becomes entitled to acquire" an interest in property as a result of a property settlement agreement or an interlocutory or final divorce decree within 180 days of the bankruptcy filing.

The Trustee asserts that the Debtor's rights under the Prenuptial Agreement is a contractual right which she held at the commencement of the case which therefore constitutes property of the estate. The Debtor, on the other hand, contends that she was not entitled to "payment" of the $130,000 until almost two years after her bankruptcy filing, and as such, that such payment is not property of the estate.

It is true that under section 541(a)(1), a debtor's estate includes all of the debtor's legal or equitable interests in property as of the commencement of the case. Although a prenuptial agreement is a valid contract, effective at the time it is entered into, a parties' "rights" under such agreement is triggered by the filing of a divorce petition. Because there is no value to a premarital contract in the absence of a divorce, the Court does not find rights under a prenuptial agreement to be analogous to the other contractual interests as cited by the Trustee. By its very nature, the Debtor's entitlements under the Prenuptial Agreement are akin to property settlement or maintenance.

Because the Court is bound to account for the statute's full text, the Court finds that the more particular section of 541(a)(5) governs over the broader section 541(a)(1). *See, U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) ("Statutory construction is a holistic endeavor, and, at a minimum, must account for a statute's full

4

text, language as well as punctuation, structure, and subject matter."); *Radzamower v. Touche Ross & Co.*, 426 U.S. 148, 96 S.Ct. 1989 (1976) (It is a general principle of statutory construction that the more specific provision prevails over the broader, more general provision). The issue then is whether the Debtor, prior to or within 180 days of the bankruptcy filing, acquired or became "entitled to acquire" an interest in property as a result of a property settlement agreement or an interlocutory or final divorce decree. Stated another way, when did the Debtor's interest in marital property, as defined by the Prenuptial Agreement, arise?

Although I.C. section 31-11-3-6 provides that a "premarital agreement becomes effective upon marriage", it is not the prenuptial agreement that creates a debtor's interest in marital property. It merely quantifies it. Nevertheless, if the Debtor's interest in the marital property vested upon the initiation of the dissolution proceedings, it is a prepetition interest in property under 541(a) as alleged by the Trustee. If the Debtor's interest vested upon the final decree of dissolution, which was entered more than 180 days after the bankruptcy filing, then it cannot be considered property of the bankruptcy estate under section 541(a)(5).

Because property interests are created and defined by state law, the Court must turn to Indiana law. In the Uniform Premarital Agreement Act, property "means an interest, present or future, legal or equitable, vested or contingent, in real and personal property, including income and earnings." I.C. § 31-11-3-3. Property, for purposes of IC 31-15 which governs dissolution of marriages, means all the assets of either party or both parties, including . . . "the right to receive pension or retirement benefits that are. . . vested . . . but that are payable after the dissolution of marriage." I.C. 31-9-2-98(b)(2). And finally, the division of marital property is governed by I.C. 31-15-7-4.

5

The Indiana cases which interpret and apply the foregoing statutory provisions, as the Debtor notes, have come to call Indiana a "one pot" state, inasmuch as a marital estate or pot comes into existence upon the filing of a petition for dissolution of marriage bringing all of the parties' property into it. *See, e.g., O'Connell v. O'Connell*, 889 N.E.2d 1, 11 (Ind.App. 2008); *Ross v. Ross*, 638 N.E.2d 1301 (Ind.App. 1994). While there are no reported cases directly on point, one Indiana court has held that even where the husband did not have immediate access to his own contributions toward the company savings plan, the portion contributed by him still qualified as property under the code because when a party has the right to funds, the time frame within which he may access them is not relevant. *Dowden v. Allman*, 696 N.E.2d 456 (Ind.App. 1998). Likewise, stock options that had matured but not been exercised still qualified as marital property since rights to those options were no longer contingent. *Henry v. Henry*, 758 N.E.2d 991 (Ind.App. 2001).

Like the debtor in *In re Radinick*, 419 B.R. 291 (Bankr.W.D.Pa. 2009), Fritch's entitlement to the prenuptial monies was triggered by the initiation of the divorce proceedings. In *Radinick*, the debtor's interest in a property settlement was found to be part of her bankruptcy estate where she sued for divorce prepetition and the settlement was not finalized until more than 180 days postpetition. The Court noted:

> ...in Pennsylvania a marital interest in property (i.e., a right to equitable distribution) vests immediately upon the initiation of a divorce action coupled with the request for equitable distribution of marital assets. Such marital interest constitutes a property interest in marital assets. Therefore, if a debtor, prior to filing a bankruptcy petition, files for divorce in Pennsylvania and also requests equitable distribution, such debtor will, as of the date of such bankruptcy petition filing, possess a marital interest in property, which marital interest (a) itself constitutes a legal and/or equitable interest of the debtor in property as of the commencement of the case, regardless of when such debtor becomes divorced, and (b) will thus constitute bankruptcy estate property regardless of when such debtor becomes divorced, *see* 11 U.S.C.A. § 541(a)(1).

*In re Radinick*, 419 B.R. at 295 (Citations omitted).

Because a marital estate is created upon the filing of a petition for dissolution of marriage in Indiana, the Court finds that the Debtor's interest in the proceeds from the prenuptial agreement constituted a legal and/or equitable interest in property as of the commencement of the case regardless of when the divorce became final. Based upon the foregoing, the Court finds that the Debtor's interest in the Prenuptial Agreement, as quantified by the Dubois Circuit Court Order of July 19, 2010, in the amount of $130,000.00 is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a). The Trustee's Motion for Summary Judgment is **GRANTED** in accordance herewith. The Debtor's Cross-Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED AND ADJUDGED.**

###